People v Castillo (2022 NY Slip Op 07519)

People v Castillo

2022 NY Slip Op 07519

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Moulton, Mendez, JJ. 

Ind. No. 2740/13 Appeal No. 16998 Case No. 2022-00050 

[*1]The People of the State of New York, Respondent,
v
Victor Castillo, Defendant-Appellant.

Justine M. Luongo, The Legal Aid Society, New York (Denise Fabiano of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Order, Supreme Court, New York County (Thomas Farber, J.), entered on or about January 4, 2022, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). The defendant's disciplinary record while incarcerated, his successful completion of sex offender treatment and other prison programming, his lack of criminal history, and his relationship with his victim were adequately taken into account by the risk assessment instrument (see People v Concevalerio, 197 AD3d 1050 [1st Dept 2021], lv denied 38 NY3d 901 [2022]). Additionally, defendant's low Static-99 and COMPAS scores had only limited probative value and did not warrant a downward departure (see People v Roldan, 140 AD3d 411 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). It was also within the court's discretion to reject general research studies about recidivism rates that were insufficiently connected to defendant's specific risk of reoffense. In any event, the claimed mitigating factors were outweighed by the seriousness of defendant's sexual conduct against a child.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022